UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re: | NO. CIV. 2:11-808 WBS |
| LUXURY AUTO IMPORTS OF SACRAMENTO INC., | (Bankruptcy Court Case No. 07-24767-B-7) |
| Debtor, | (Adversary Proceeding No. 09-02373) |
| BRASHER'S SACRAMENTO AUTO AUCTION, INC., | <u>MEMORANDUM AND ORDER RE: BANKRUPTCY APPEAL</u> |
| Plaintiff and Appellant, | |
| v. | |
| VERA DAVYDENKO, | |
| Defendant and Appellee. | |

----oo0oo----

Appellant Brasher's Sacramento Auto Auction, Inc. ("Brasher's"), appeals, pursuant to 28 U.S.C. § 158(a), an order of the United States Bankruptcy Court denying its motion for assignment of rents.

///

I.   Factual and Procedural Background

On October 6, 2010, the bankruptcy court entered judgment in favor of Brasher's against appellee Vera Davydenko in the amount of $80,250.00. (Excerpts of Record Ex. B (Docket No. 5).) In February of 2011, Brasher's filed a motion for assignment of Davydenko's right to rental payments from her commercial property located at 3250 Fulton Avenue in Sacramento, California. (Id. Exs. C, D.) On March 15, 2011, the bankruptcy court denied the motion without prejudice on the ground that Brasher's had not provided evidence regarding whether any of the rents were used to service secured debt on the property or to pay taxes, insurance, maintenance, or other costs. (Id. Ex. H at 48.)

The bankruptcy court reasoned that an assignment of all rents "raise[d] the potential risk of a loss of the Property," thus "defeat[ing] the purpose of the assignment, which is to satisfy" the judgment.[1] (Id.)

Brasher's filed a notice of appeal with this court on March 24, 2011, (Docket No. 1), arguing that the bankruptcy court improperly held that it had the burden of demonstrating Davydenko's financial obligations with respect to the rents. (Appellant's Opening Brief at 4 (Docket No. 5).)

///

---

[1]   The bankruptcy court did not base its decision on Davydenko's opposition to the motion, which argued that a previous assignment of rents precluded the court from entering an order assigning rents to Brasher's; that prior assignment was relevant to the relative priorities of the parties' rights but not to whether Brasher's was entitled to an assignment order. (Excerpts of Record Ex. H at 48 (Docket No. 5).)

2

II. <u>Discussion</u>

As an initial matter, the court considers <u>sua sponte</u> its jurisdiction over the appeal. See <u>Abernathy v. S. Cal. Edison</u>, 885 F.2d 525, 527 (9th Cir. 1989). Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. That section vests the district courts with jurisdiction to hear appeals "from final judgments, orders, and decrees . . . and with leave of the court, from other interlocutory orders and decrees" issued by the bankruptcy court. 28 U.S.C. §§ 158(a). Thus, only "final" rulings may be appealed as a matter of right; a party seeking to appeal any other order must seek leave of the district court. <u>In re Frontier Props., Inc.</u>, 979 F.2d 1358, 1362 (9th Cir. 1992).

A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Id.</u> (citing <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945)). An interlocutory order, in contrast, is one that does not finally determine a cause of action, but instead decides only an intervening matter and requires further steps to be taken. <u>In re Eleccion</u>, 178 B.R. 807, 808 (9th Cir. BAP 1995).

The Ninth Circuit has held that finality standards in the context of bankruptcy proceedings warrant additional flexibility. See <u>In re Mason</u>, 709 F.2d 1313, 1317 (9th Cir. 1983) ("[C]ertain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right."); see also <u>In re Victoria Station Inc.</u>, 840 F.2d 682, 683 (9th Cir. 1988). Courts

have thus adopted a "pragmatic approach" to assessing finality that focuses on whether "the decision appealed from 'effectively determined the outcome of the case.'" In re Frontier Props., 979 F.2d at 1363 (citing In re Martinez, 721 F.2d 262, 265 (9th Cir. 1983)). Specifically, a bankruptcy order may be appealed as a matter of right where it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." Id.; In re Allen, 896 F.2d 416, 418 (9th Cir. 1990).

In this case, Brasher's appeals an order entered by the bankruptcy court denying its motion for assignment of rents without prejudice to renewal of the motion. At the hearing on the motion, the bankruptcy judge indicated that he "would be perfectly happy to assign to [Brasher's] the net amount of the rents," but would first need "some documents or information" to determine the amount of rents to be assigned. (Excerpts of Record Ex. G at 41:21-22, 42:16-17.) Brasher's is able to renew its motion at any time. Thus, the only practical effect of the bankruptcy court's order was to "merely preserve[] the status quo in the case" for a later determination when more facts were presented. In re Smith, 735 F.2d 459, 461 (11th Cir. 1984).

When a court dismisses a complaint without prejudice and permits the plaintiff to amend the complaint, the dismissal generally is not a final, appealable order. WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135-36 (9th Cir. 1997). Similarly, the bankruptcy court's order denying the motion for assignment of rents without prejudice to renewal of the motion is not final and appealable. See In re Kashani, 190 B.R. 875, 881-82 (9th Cir.

4

BAP 1995) (bankruptcy court's denial of debtors' motion without prejudice to refile with requested supplementation was interlocutory).

Because the order from which Brasher's appeals is interlocutory in nature and Brasher's has not sought leave of the court, the court is without jurisdiction to hear the appeal. 28 U.S.C. § 158(c); see In re Baletti, No. CIV. S-0601507 WBS, 2006 WL 3079032, at *2-3 (E.D. Cal. Oct. 27, 2006) (dismissing appeal for lack of jurisdiction when appellant appealed two denials of summary judgment and a pretrial scheduling order), vacated in part on reconsideration on other grounds, 2007 WL 37953 (Jan. 4, 2007).

However, "[i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed." Fed. R. Bankr. P. 8003(c). "The district court . . . may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." Id. Accordingly, the court will treat the notice of appeal as a motion for leave to appeal the bankruptcy court's interlocutory order.

"Leave to appeal should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation." In re NSB Film Corp., 167 B.R. 176, 180 (9th Cir. BAP 1994).

1  Here, denial of leave to appeal would not result in
2 wasted litigation and expense, and granting leave to appeal would
3 not materially advance the ultimate termination of the suit,
4 because although the dispute here is over Brasher's post-judgment
5 right to an assignment of rents, further litigation on that
6 dispute would likely be required in the bankruptcy court either
7 way.  If this court granted leave to appeal, its decision on the
8 merits would likely require further proceedings in the bankruptcy
9 court on the motion for assignment because the party held to have
10 the burden of proof would need to present evidence.
11  On the other hand, if this court denies leave to
12 appeal, Brasher's may renew its motion for assignment in the
13 bankruptcy court.  The bankruptcy court may have to decide which
14 side has the burden of proof, and the parties can proceed to
15 present their evidence in accordance with the bankruptcy judge's
16 ruling on that issue.  If Brasher's is dissatisfied with the
17 bankruptcy judge's final decision on its motion, it can easily
18 appeal the bankruptcy court's final order when it is entered.
19 Accordingly, the court will not grant leave to appeal.
20  IT IS THEREFORE ORDERED that appellant's appeal be, and
21 the same hereby is, DISMISSED for lack of jurisdiction.
22 DATED: August 16, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE